IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>RICHARD D. COOPER, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br><br><br><br>Case No. 2:05-CV-224 TS |

The United States filed this action against Defendant Richard Cooper (Cooper) and others, seeking to foreclose federal tax liens filed against Cooper on seven parcels of real property located in Utah County, Utah.  Cooper moves to dismiss on the grounds that there is no evidence that he had any right, title, or interest in the seven subject parcels during the relevant times.  In support, he attaches his Affidavit and copies of Declarations of Trust and various Warranty or Quit-Claim Deeds.[1]  The government responds with a Declaration and

---

[1]Docket No. 25.

1

copies of recorded documents showing that Cooper held record title to the subject properties at the time the IRS liens were recorded.[2]

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the government as the nonmoving party.[3]   A Rule 12(b)(6) motion to dismiss may be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief" under its theory of recovery.[4]   All well-pleaded factual allegations in the Amended Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[5]   But the Court "need not accept conclusory allegations without supporting factual averments."[6] "The Court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[7]

---

[2]Docket No. 27.

[3]*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[4]*Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

[5]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6]*Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[7]*Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

In the present case, as noted, Cooper submitted an Affidavit and exhibits in support of his Motion.  The government did not attempt to exclude the supporting documents, but instead, filed its own sworn affidavits in response.

> Fed. R. Civ. P. 12(b) provides that if "matters outside the pleadings are presented to and not excluded by the court, [a Rule 12(b)(6) motion] shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Therefore, a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) cannot be converted into a summary judgment motion without notice and an opportunity for the parties to present relevant evidence. The required notice may be actual or constructive, and in some circumstances, courts have concluded that the submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice.[8]

If the Court exercises its discretion not to consider the matters outside the pleadings submitted by Cooper, he has not shown that—considering only the Amended Complaint—that it appears beyond doubt that the United States is not able to prove any set of facts entitling it to relief under its theory of recovery.  Accordingly, the Motion to Dismiss must be denied.

In the alternative, even if the Court considers the materials submitted by the parties, Cooper still has not shown the Amended Complaint should be dismissed.  Under the circumstances of this case, where both parties have submitted matters outside the pleadings, neither side has moved to exclude, and the government filed its own Declaration and exhibits in response to Cooper's materials, the Court finds that this is an unusual case where the parties have proceeded as if the case were one for summary judgment and,

---

[8]*David v. City and County of Denver*,  101 F.3d 1344, 1352 (10th Cir. 1996) (internal citations omitted).

therefore, the filing of such material by both parties constitutes sufficient constructive notice that under Fed. R. Civ. P. 12(b), those materials would be considered under the standard for summary judgment.

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[9]  In reviewing the motion, the Court views "the evidence in the light most favorable to the nonmovant."[10]

> As the moving part[y], defendant shoulder[s] the "initial burden to show that there is an absence of evidence to support the nonmoving party's case."  If defendant [meets] this burden, it falls to plaintiff to "identify specific facts that show the existence of a genuine issue of material fact."  "The party opposing the motion must present sufficient evidence in specific, factual form . . . ."[11]

Considering the materials submitted by the parties under this standard, the Court finds that the government has met its burden of identifying specific facts, in a specific, factual form, supporting its claim that Cooper held an interest in the property at the time the IRS liens were filed.  Therefore, Cooper is not entitled to summary judgment dismissing the Amended Complaint.  Accordingly, it is

---

[9]Fed. R. Civ. P. 56(c).

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[11]*Clinger v. New Mexico Highlands Univ. Bd. of Regents*, 215 F.3d 1162, 1165 (10th Cir. 2000) (quoting *Thomas v. IBM*, 48 F.3d 478, 484 (10th Cir.1995)).

ORDERED that Defendant Richard Cooper's Motion to Dismiss (Docket No. 24) is DENIED and, construing the Motion as one for summary judgment, it is DENIED.

DATED  March 27, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge